**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30253 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00136-RRB-1 |
| v. | |
| BOUPANE PHAYMANY, AKA Bounpane Phaymany, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 15, 2022[**]

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Boupane Phaymany appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Phaymany first contends that the district court erroneously treated U.S.S.G.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1B1.13 as binding in evaluating his motion.  However, the parties correctly advised the court that § 1B1.13 was not an applicable policy statement, *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), and we presume that district judges know the law, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Nothing in the district court's order, which did not cite § 1B1.13, undermines that presumption here.

Phaymany next contends that, though his medical conditions are "moderate," the district court should have found that they constitute an extraordinary and compelling reason for release because of his risk of reinfection from COVID-19 and the imperfect protection offered by the vaccine.  The district court did not abuse its discretion.  *See Aruda*, 993 F.3d at 799.  The court acknowledged Phaymany's specific health issues and concerns about the pandemic, but reasonably concluded that they were insufficient to justify compassionate release.

Lastly, Phaymany is incorrect that the district court treated the fact that he received a below-Guidelines sentence as a bar to compassionate release.  Instead, the court concluded that Phaymany's long history of substance abuse, and the fact that he committed the instant offenses while on state supervision, counseled against reducing his already below-Guidelines sentence.  Contrary to Phaymany's claim, this conclusion was reasonable and supported by the record.

**AFFIRMED.**

21-30253